UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FREDERICK T. STANBACK,** ) | Case No. 1:11-CV-1669 |
| ) | |
| ) | Judge Dan Aaron Polster |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| **NESTLE USA, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

Before the Court is Plaintiff's motion for remand (Doc. # 12), which was filed the same day Plaintiff filed an amended complaint (Doc. # 11). The amended complaint deleted all claims arising under federal law, leaving only state-law claims. (Complete diversity of citizenship never existed in this case.)

Plaintiff argues that, pursuant to 28 U.S.C. § 1447(c), the Court <u>must</u> remand the case to state court because the Court lacks subject matter jurisdiction; i.e., remand is mandatory. Defendants, on the other hand, argue that the Court <u>may</u> remand the case; i.e., remand is discretionary. Defendants' argument relies, albeit indirectly, on 28 U.S.C. § 1367(c)(3).[1] Defendants have the better argument.

Removal jurisdiction is determined from the face of the well-pleaded complaint, not a post-removal amended complaint. <u>Inge v. Rock Fin. Corp.</u>, 281 F.3d 613, 629 (6th Cir. 2002)

---

[1] The difference matters because a remand for lack of jurisdiction under § 1447(c) is not reviewable on appeal whereas a remand under § 1367(c)(3) is. <u>See</u> <u>Carlsbad Technology, Inc. v. HIF Bio, Inc.</u>, 129 S. Ct. 1862 (2009).

(Dowd, J., dissenting) (citing Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998)). There is no dispute that, at the time of removal, the Court had original jurisdiction over the federal-law claims and supplemental jurisdiction over the state-law claims. The fact that Plaintiffs have filed a post-removal amended complaint does not divest this Court of supplemental jurisdiction but instead gives the Court discretion to exercise—or not—its supplemental jurisdiction. A recent Supreme Court decision makes this clear.

In Carlsbad Technology, Inc. v. HIF Bio, Inc., 129 S. Ct. 1862 (2009), the Supreme Court considered a district court's "decision not to retain on its docket a case that once contained federal law issues but now contains only state law issues." Id. at 1869 (Breyer, J., concurring) (original emphasis). The Supreme Court distinguished between whether a court has subject-matter jurisdiction in the first place and whether the court chooses to exercise that jurisdiction. Id. at 1866. It was undisputed in that case—just as it is undisputed here—that when the action was originally removed the district court had original jurisdiction over the federal claims and supplemental jurisdiction over the state-law claims. Id. at 1867. When the federal claims were dismissed the district court still retained its statutory supplemental jurisdiction over the state-law claims. Id. Accordingly, the Supreme Court held, the district court's "decision declining to exercise that statutory authority was not based on a jurisdictional defect but on its discretionary choice not to hear the claims despite its subject-matter jurisdiction over them." Id.

The same logic applies here. Though the Plaintiff has filed a post-removal amended complaint eliminating all federal claims, the Court still retains supplemental jurisdiction over the state-law claims. Whether or not the Court will hear the state-law claims is thus a matter of discretion.

All that being said, the Court will decline to exercise supplemental jurisdiction over the remaining state-law claims. This decision is reached after considering the factors enumerated in Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 211 (6th Cir. 2004). No dispositive motions have been filed, let alone briefed, the case has been on the docket for less than a year, and the claims involve questions of state law, which the state courts are better suited to handle. For these reasons, the case is remanded to state court.

**IT IS SO ORDERED.**

                                             */s/Dan Aaron Polster 5/11/12*
                                             **Dan Aaron Polster**
                                             **United States District Judge**